THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
STEVEN R. KANE, Defendant-Appellant.

Fourth District   No. 15751

Opinion filed June 17, 1980.

WEBBER, J., dissenting.

Samuel G. Harrod and Daniel M. Harrod, both of Harrod & Harrod, of Eureka, for appellant.

Richard M. Baner, State's Attorney, of Eureka (Marc D. Towler, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant entered a plea of guilty to the offense of possession of less than 2.5 grams of cannabis in violation of section 4(a) of the Cannabis Control Act (Ill. Rev. Stat. 1977, ch. 56½, par. 704(a)). He was sentenced to 6 months' probation pursuant to section 10(a) of the same act (Ill. Rev. Stat. 1979, ch. 56½, par. 710(a)) (herein 710). After successfully completing his term of probation and being discharged under 710, the defendant filed a petition to expunge his arrest record pursuant to section 5 of "An Act in relation to criminal identification and investigation" (Ill. Rev. Stat. 1977, ch. 38, par. 206—5) (herein 206). The trial court denied the petition upon the basis that the remedy of 206 did not apply to 710 probation. Defendant appeals. We reverse.

Section 710, often referred to as the "first offender" provision, "provides for the lenient treatment of a defined class of first-time marijuana offenders." (*People v. DuMontelle* (1978), 71 Ill. 2d 157, 162, 374 N.E.2d 205, 207.) As set forth in 710, "[w]henever any person who has not previously been convicted of * * * any offense under this Act" pleads or is otherwise found guilty, "the court may, without entering a

judgment and with the consent of such person, sentence him to probation." (Ill. Rev. Stat. 1979, ch. 56½, par. 710(a).) Once the person is placed on probation, "the court * * * shall defer further proceedings in the case until the conclusion of the period or until the filing of a petition alleging violation of a term or condition of probation." Ill. Rev. Stat. 1979, ch. 56½, par. 710(b).

Finally, and most important for the purposes of this appeal, 710 states:

"(e) Upon fulfillment of the terms and conditions of probation, the court *shall discharge such person and dismiss the proceedings against him.*

(f) A disposition of probation is considered to be a conviction for the purposes of imposing the conditions of probation and for appeal, however, *discharge and dismissal under this Section is not a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime* * * *.*" (Emphasis added.) Ill. Rev. Stat. 1979, ch. 56½, par. 710(e), (f).

In relevant part, section 5 reads:

"Whenever a person, not having previously been convicted of any criminal offense or municipal ordinance violation, charged with a violation of a municipal ordinance or a felony or misdemeanor, *is acquitted or released without being convicted,* the Chief Judge of the circuit wherein the charge was brought, or any judge of that circuit designated by the Chief Judge, may upon verified petition of the defendant order the record of arrest expunged from the official records of the arresting authority." (Emphasis added.) Ill. Rev. Stat. 1977, ch. 38, par. 206—5.

Thus, the issue presented is a question of statutory interpretation: whether a person discharged under 710 comes within the purview of 206—has he been "released without being convicted." (Ill. Rev. Stat. 1977, ch. 38, par. 206—5.) We answer in the affirmative.

The petitioner here has been discharged and has had the criminal proceedings against him dismissed pursuant to 710. Moreover, the "discharge and dismissal under this Section is not a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime * * *." (Ill. Rev. Stat. 1979, ch. 56½, par. 710(f).) It is apparent that anyone who has had criminal proceedings against him dismissed has been "released without conviction." Therefore, a person who successfully completes 710 probation may petition under 206 to have his record of arrest expunged.

The disposition of probation or its conditions are not in question on this appeal. The petitioner has successfully completed his 710 probation and has had the criminal proceedings against him dropped pursuant

to 710. Therefore, relying upon the plain meaning and obvious purpose of the applicable statutory language, we hold that a person who has been discharged under 710 comes within the purview of 206. The defendant has been "released without being convicted." The trial court was in error in its ruling that 206 had no application. Under that section, the court has the discretionary authority to expunge. This cause is thus remanded for further proceedings under that section.

Reversed and remanded.

TRAPP, J., concurs.

Mr. JUSTICE WEBBER, dissenting:

With due deference to the valiant attempt of the majority to read these statutes *in pari materia*, I respectfully dissent. The two statutes contain significant differences in language and are aimed at different purposes. In addition, 710 is directed at a highly specialized class of persons, *viz.*, first-offender misdemeanants under the Cannabis Control Act, and it is available only once to them.

710 requires as its predicate either a plea or a finding of guilty and then provides that "discharge and dismissal under this Section is not a conviction for purposes of * * *." The guilt remains but it has been pardoned. 206, on the other hand, contemplates a situation where release (not discharge and dismissal) occurs before any finding of guilt has ever been made.

Although 206 has been amended many times since its original enactment in 1931, the language "is acquitted or released without being convicted" has remained essentially unchanged. These are alternate bases for an order under 206, and one or the other must be present before a chief judge or his nominee may act. Acquittal is a well-known principle, a finding of not guilty by the trier of fact, and it is not involved in the case at bar since there was a plea of guilty as to the underlying offense. Indeed, subparagraph (a) of 710 requires either a plea of guilty, or a finding of guilty, before its further provisions can become activated.

"Released without being convicted" is a more nebulous concept, but in juxtaposition with "acquitted" its strong implication is that a result similar to acquittal must be present. Examples of the latter would be (1) *nolle prosequi* of a charge by the State's Attorney; (2) a directed verdict of not guilty in favor of the defendant at either the close of the People's evidence, or at the close of all the evidence; (3) a dismissal of the charge by the trial court under one of the several grounds delineated in section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch.

38, par. 114—1), or under the trial court's general powers of protecting due process as decided in *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244.

A recent amendment to 206 (Pub. Act 81-834, eff. Jan. 1, 1980) left unchanged the language concerning acquittal or release, and provided for expunction of the records of the circuit clerk in addition to the records of the arresting authority. In addition, it provided for expunction of records in the case of a stolen identity.

Taken together, I believe that the purpose of 206 becomes apparent. It is intended to protect those who have been adjudicated innocent *ab initio* and those who have become victims of stolen identity. The treatment of those found guilty, even though that finding may be specially dealt with later, is not involved in 206.

An example of this particularized treatment of offenders found guilty is seen in section 5—6—3.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—6—3.1). That section provides for the placement of offenders on probation, and makes provision for the incidents and conditions of such probation and includes the following: "(f) * * * After the discharge and dismissal under this Section a person may have his record of arrest expunged as may be provided by law." This section was also recently amended (Pub. Act 81-775, eff. Jan. 1, 1980) to provide that for those placed on probation after January 1, 1980, two years must elapse before application for expunction may be made. I believe that the amendment carries an implication of legislative disenchantment with the process and of a legislative effort to place some constitutional limitations upon it.

Section 710 itself contains no provision concerning arrest records, just as section 5—6—3.1 contains no provision concerning records of the circuit clerk. If the legislature had intended that arrest records be expunged under 710, it would have been entirely proper so to provide specifically as it did in section 5—6—3.1, but it did not. Cannabis control is removed from the Criminal Code of 1961, and given its own particular place in the laws of Illinois separate therefrom. To this extent it must be treated as *sui generis*.

As indicated above, 710 is available only to a restricted class of persons and for one time only; 206 applies to all persons and is unrestricted as to how many times it may be invoked. Thus, 710 stands as a special statute and 206 as a general one. In such a situation the supreme court has said:

> "Where there are two statutory provisions, one of which is general and designed to apply to cases generally, and the other is particular and relates only to one subject, the particular provision must

prevail and must be treated as an exception to the general provision, especially where the particular provision is later in time of enactment." *Bowes v. City of Chicago* (1954), 3 Ill. 2d 175, 205, 120 N.E.2d 15.

710 must therefore stand as an exception to 206 and since it contains no provision for expunction of arrest records, I would affirm the decision of the trial court.