THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
EDWARD HOLUM, Defendant-Appellant.

Second District   No. 2—87—0394

Opinion filed February 26, 1988.

James R. Truschke and Kurt A. Richter, both of James R. Truschke & Associates, P.C., of Arlington Heights, for appellant.

James E. Ryan, State's Attorney, of Wheaton, (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DUNN delivered the opinion of the court:

Defendant, Edward Holum, appeals from an order amending a prior order granting his petition to expunge the arrest records of his 1980 arrest for possession of cannabis. The amended order excluded from expungement records in the possession of the Department of State Police. Defendant contends the trial court lacked jurisdiction to amend the original order, and, alternatively, the statutory provision relied on by the trial court to amend the order of expungement was an *ex post facto* law as applied to defendant. Because we agree the trial court lacked jurisdiction to amend the order of expungement, we need not address defendant's *ex post facto* argument.

On December 15, 1980, defendant was charged with possession of cannabis. (Ill. Rev. Stat. 1985, ch. 56½, par. 704.) Defendant entered a plea of guilty and was placed on probation pursuant to section 10 of the Cannabis Control Act. (Ill. Rev. Stat. 1985, ch. 56½, par. 710). On March 5, 1982, the court found that defendant had successfully completed the conditions of the probation. In accordance with section 10(e) of the Cannabis Control Act, the court discharged defendant from probation and dismissed the proceedings against him. Ill. Rev. Stat. 1985, ch. 56½, par. 710(e).

On September 25, 1986, defendant filed a petition to have his records of arrest expunged from the official records of the arresting authority and the circuit court pursuant to section 5 of "An Act in relation to criminal identification and investigation." (Ill. Rev. Stat. 1985, ch. 38, par. 206—5.) Section 5 provides for the expungement of arrest records of individuals with no prior convictions who have been acquitted or released without being convicted. The petition was granted on November 6, and the court further ordered the arresting authority to obtain identification materials from all repositories, including the Illinois Department of Law Enforcement.

On January 16, 1987, the State filed a "Motion to Reconsider Expungement." The State contended the expungement order conflicted with subsection 5 of section 55a of the Civil Administrative Code of Illinois. (Ill. Rev. Stat. 1985, ch. 127, par. 55a). Effective July 1, 1986, section 55a(5) provided that the Department of State Police was not precluded from maintaining identification materials of persons fulfilling the terms and conditions of section 10 probation. The State requested the order of expungement be amended to allow the Department of State Police to maintain defendant's arrest records. The court granted the State's motion on April 2. Defendant filed a timely notice of appeal.

■■ Defendant first contends the trial court lacked jurisdiction to amend the order of expungement because the State's motion to reconsider was filed more than 30 days after entry of the order. The State asserts the order was void as it related to the Department of State Police and therefore was subject to attack at any time. (See Ill. Rev. Stat. 1985, ch. 110, par. 2—1401(f).) While we agree with the State that a void order or judgment may be attacked and vacated at any time (*Fox v. Department of Revenue* (1966), 34 Ill. 2d 358, 361), we do not agree the original order of expungement was void as it applied to the Department of State Police. Therefore, the court did not have jurisdiction to amend the order of expungement.

■■ A judgment or order is characterized as void where the court

lacks jurisdiction of the parties or the subject matter or lacks the inherent power to enter the order. (*Cooper v. United Development Co.* (1984), 122 Ill. App. 3d 850, 854.) The latter circumstance forms the basis for the State's contention that the trial court had jurisdiction to amend the order. According to the State, the court lacked the authority to enter an order expunging all of the defendant's arrest records. The principal cases relied on by the State flesh out the requirements that must be present in order to render an order or judgment void on the ground the court lacked the authority to enter the order or judgment. In *Collins v. Collins* (1958), 14 Ill. 2d 178, the court found a divorce decree was in error for reasons apparent from the record and was in direct violation of statutory provisions. In *Lake Shore Savings & Loan Association v. American National Bank & Trust Co.* (1968), 91 Ill. App. 2d 143, the court found there was an error of law on the face of the record where no facts constituting fraud were set forth in the complaint. It is apparent then that a judgment or order will be classified as void based on lack of inherent authority only in clear-cut circumstances.

In the present case, it is not beyond dispute that the original order of expungement is in direct violation of applicable statutory provisions. The statutory provision relied on by the State in its motion to reconsider became effective on July 1, 1986, long after defendant had successfully completed his section 10 probation. Prior to the recent amendment to section 55a(5), it was determined in *People v. Kane* (1980), 85 Ill. App. 3d 252, that successful completion of section 10 probation is a release without a conviction within the meaning of section 5. Therefore, arrest records associated with a possession of cannabis charge could be expunged pursuant to section 5. (*Kane*, 85 Ill. App. 3d at 253-54.) In view of the *Kane* decision, it is apparent that had defendant petitioned to expunge his arrest record prior to the amendment to section 55a(5) there would have been authority justifying a complete expungement. Consequently, whether the court in the present case had the authority to enter the original order of expungement depends on whether the amendment to section 55a(5) applies to an individual who has successfully completed section 10 probation prior to the amendment but petitioned for expungement subsequent to the amendment. Since there is no guidance from the legislature on this matter, the issue is left to judicial resolution. The arguments of the parties and our research reveal that to date the question at hand has not been resolved by a court of review. Consequently, the trial court could not have exceeded its authority in entering the original order. Therefore, the order expunging all of the defendant's arrest

records was not void when entered and was not subject to attack on that basis.

■ A petition seeking relief from a final judgment or order under section 2—1401 is not intended to relieve a party of the consequences of its own mistake or negligence. (*Lofendo v. Ozog* (1983), 118 Ill. App. 3d 237, 241.) Here, the statutory amendment relied on by the State was effective several months prior to the defendant's petition to expunge his arrest records. The State was provided notice of the petition and given ample time to respond. Thereafter, the order of expungement was entered. Not until 2½ months after the entry of the order of expungement did the State bring to the court's attention the amendment to section 55a(5). While the amendment may have rendered voidable the court's order, it did not render the order void. Since a voidable judgment or order is not subject to collateral attack (*In re Day* (1985), 138 Ill. App. 3d 783, 787), the State, by failing to challenge or appeal the order within 30 days, lost its opportunity to attack the expungement order. Concomitantly, the court lacked jurisdiction to amend the order. See *Cooper*, 122 Ill. App. 3d at 854.

For the foregoing reasons, the order amending the order of expungement is reversed, and the original order of expungement is reinstated.

Reversed.

HOPF and UNVERZAGT, JJ., concur.