THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DWIGHT HANSEN, Defendant-Appellant.

Fourth District   No. 4—88—0775

Opinion filed July 10, 1989.

George F. Taseff, of Jennings, Novick, Eggan & Ostling, of Bloomington, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Michael Blazicek, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

This is an appeal by defendant Dwight Hansen from an order of the circuit court of McLean County denying defendant's petition for expungement of defendant's arrest records. After being indicted for the delivery of a controlled substance occurring on or about September 26, 1983 (Ill. Rev. Stat. 1981, ch. 56½, par. 1401(b)(1)), defendant was arrested by a deputy of the McLean County sheriff's department

on October 19, 1983.

Subsequently, defendant pleaded guilty to a lesser, included offense of possession of a controlled substance (Ill. Rev. Stat. 1981, ch. 56½, par. 1402) and was sentenced to a 24-month term of probation. The term of probation was imposed pursuant to section 410 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1981, ch. 56½, par. 1410).

On July 31, 1986, defendant was discharged from probation after successfully completing his probationary period. On August 19, 1988, defendant filed a petition for expungement of his arrest records. After a hearing, the petition for expungement was denied. The trial court found that defendant's arrest records may not be expunged because of subsection (5) of section 55a of the Civil Administrative Code of Illinois (Ill. Rev. Stat. 1987, ch. 127, par. 55a(5)), dealing with the powers and duties of the Illinois Department of State Police.

Defendant was given leave to file a motion for reconsideration, which he did. The trial court denied defendant's motion for reconsideration, and defendant appealed.

■ Section 410 of the Illinois Controlled Substances Act states in relevant part:

"(a) Whenever any person who has not previously been convicted of, or placed on probation or court supervision for any offense under this Act or any law of the United States or of any State relating to cannabis or controlled substances, pleads guilty to or is found guilty of possession of a controlled or counterfeit substance under Section 402(b), the court, without entering a judgment and with the consent of such person, may sentence him to probation.

* * *

(e) Upon fulfillment of the terms and conditions of probation, the court shall discharge the person and dismiss the proceedings against him.

(f) A disposition of probation is considered to be a conviction for the purposes of imposing the conditions of probation and for appeal, however, discharge and dismissal under this Section is not a conviction for purposes of this Act or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime." (Ill. Rev. Stat. 1987, ch. 56½, pars. 1410(a), (e), (f).)

Section 5 of "An Act in relation to criminal identification and investigation" (Ill. Rev. Stat. 1987, ch. 38, par. 206—5) states, in relevant part:

"All policing bodies of this State shall furnish to the Department [of State Police], daily, in the form and detail the Department requires, copies of fingerprints and descriptions, of all persons who are arrested on charges of violating any penal statute of this State ***. Whenever a person, not having previously been convicted of any criminal offense or municipal ordinance violation, charged with a violation of a municipal ordinance or a felony or misdemeanor, is acquitted or released without being convicted, the Chief Judge of the circuit wherein the charge was brought, or any judge of that circuit designated by the Chief Judge, may upon verified petition of the defendant order the record of arrest and the records of the circuit court relating to such arrest expunged from the official records of the arresting authority and the records of the clerk of the circuit court."

In addition, subsection (5) of section 55a states:

"The Department of State Police shall have the following powers and duties, and those set forth in Section 55a—1 through 55c:

* * *

5. To (a) be a central repository and custodian of criminal statistics for the State, (b) procure and file for record photographs, plates, outline pictures, measurements, descriptions of all persons who have been arrested on a charge of violation of a penal statute of this State; (c) procure and file for record such information as is necessary and helpful to plan programs of crime prevention, law enforcement and criminal justice, (d) procure and file for record such copies of fingerprints, as may be required by law, of all persons arrested on charges of violating any penal statute of the State, (e) establish general and field crime laboratories, (f) register and file for record such information as may be required by law for the issuance of firearm owner's identification cards, (h) [sic] employ polygraph operators, laboratory technicians and other specially qualified persons to aid in the identification of criminal activity, and (i) undertake such other identification, information, laboratory, statistical or registration activities as may be required by law.

Photographs, fingerprints or other records of identification so taken shall, upon the acquittal of a person charged with the crime or upon his being released without being convicted, be returned to him, except that nothing herein shall prevent the Department of State Police from maintaining all records of any

person who is admitted to probation upon terms and conditions and who fulfills those terms and conditions pursuant to Section 10 of the Cannabis Control Act and Section 410 of the Illinois Controlled Substances Act." Ill. Rev. Stat. 1987, ch. 127, par. 55a.

This court has previously had the opportunity to construe section 5 in light of section 10 of the Cannabis Control Act (Ill. Rev. Stat. 1987, ch. 56½, par. 710). In *People v. Kane* (1980), 85 Ill. App. 3d 252, 406 N.E.2d 896, this court held that a discharge and dismissal under section 10 was a release without conviction for purposes of section 5. Therefore, a trial court has the discretionary authority to expunge the records of the arresting authority and the circuit court if a defendant has been discharged after successfully completing section 10 probation.

In comparing section 10 and section 410, the language of the statutes is so similar that the language cannot form the basis of distinguishing this case from *Kane* and, therefore, the rationale in *Kane* is equally applicable here. The defendant having successfully completed section 410 probation, the trial court has the discretion to expunge the records of the arresting authority and the circuit court. However, in the case at bar the presiding judge seems to have indicated a belief that section 55a(5) removes that discretion. *Kane* does not address this question.

■ All police authorities are required by section 5 to furnish copies to the State Police, but section 5 does not direct that those State Police copies are to be expunged. Instead, section 5 only allows the discretionary expungement of the official records of the arresting authority and the circuit clerk. In addition, section 55a(5), allows the State Police, as "a central repository and custodian of criminal statistics" to maintain such records even if the defendant has successfully completed a term of section 10 or section 410 probation. However, section 55a(5) does not in any way restrict the trial court's discretion in expunging the records of the arresting authority or the circuit court. The obvious conclusion is that the trial court could have ordered expungement of the records of the McLean County sheriff's department and the McLean County circuit clerk's office, but not those of the State Police.

We find nothing in *People v. Holum* (1988), 166 Ill. App. 3d 658, 520 N.E.2d 419, which is inconsistent with this conclusion. In *Holum*, the relationship of section 10 and section 55a(5) was raised as an issue, but that case was decided on the basis that the State's motion to reconsider the order of expungement failed to invoke the jurisdiction

of the trial court since the motion to reconsider was filed some 2½ months after the entry of the order of expungement.

■ Also raised as an issue in the *Holum* case, but not therein decided, was the issue of whether section 55a(5) was an *ex post facto* law as applied to defendant. Defendant raises the issue here as well. The *ex post facto* clause of the United States Constitution (U.S. Const., art. I, §9, cl. 1) applies where a statute retrospectively changes the legal consequences of acts done before the effective date of the statute such that an act which was innocent when done is now defined as criminal, or aggravates a crime or makes it greater than it was, or imposes a greater punishment than was previously imposed, or alters a rule of evidence making it easier to convict a defendant. *Miller v. Florida* (1987), 482 U.S. 423, 96 L. Ed. 2d 351, 107 S. Ct. 2446.

■ Without conceding that this statutory provision is of the type which would invoke the *ex post facto* clause in the first place, we note that the portion of section 55a(5) relating to the State Police maintaining records on section 410 probationers had been in effect for some time prior to the criminal act to which defendant pleaded guilty. (See Ill. Rev. Stat. 1977, ch. 127, par. 55a.) This law not having changed, defendant's *ex post facto* argument is without merit.

In the docket entry in which the trial court denied the petition for expungement, the trial court made the following finding:

> "The court further found that expungement of arrest records for offenders who have successfully completed probation pursuant to section 1410 may not be expunged. S.H.A. ch. 127, section 55A, par. 5."

Since the trial court in this case has indicated section 55a(5) removed the court's discretion in expunging records, the order denying expungement is reversed and the cause is remanded for a new hearing consistent with the views expressed herein.

Reversed and remanded with directions.

McCULLOUGH, P.J., and GREEN, J., concur.