THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DWIGHT HANSEN, Defendant-Appellant.

Fourth District   No. 4—89—0817

Opinion filed June 7, 1990.

George F. Taseff, of Jennings, Novick, Ensign & Ostling, of Bloomington, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

Defendant appeals from a trial court order granting the expungement of his arrest records held by the sheriff's office, insofar as it denied the expungement of the records held by the circuit clerk's office relating to his arrest. Defendant argues that the trial court abused its discretion in denying the expungement of the circuit clerk records.

We agree and reverse.

Defendant was indicted on October 13, 1983, by the grand jury of McLean County for the offense of delivery of a controlled substance in violation of section 401 of the Illinois Controlled Substances Act (Act) (Ill. Rev. Stat. 1981, ch. 56½, par. 1401(b)(2)). On January 4, 1984, defendant pleaded guilty to an included offense of possession of a controlled substance in violation of section 402 of the Act. (Ill. Rev. Stat. 1981, ch. 56½, par. 1402.) The court sentenced defendant to 24 months' probation pursuant to section 410 of the Act (Ill. Rev. Stat. 1981, ch. 56½, par. 1410), and ordered him to pay a fine and court costs. Defendant successfully completed the term of probation and was discharged from probation on July 31, 1986.

On August 19, 1988, defendant filed a petition for expungement of his arrest records pursuant to section 5 of "An Act in relation to criminal identification and investigation" (Criminal Identification Act) (Ill. Rev. Stat. 1987, ch. 38, par. 206—5). Defendant's petition was a preprinted legal form which asked the court to "expunge his/her arrest records." After a hearing on August 26, 1988, the petition was denied. The court found that defendants who have successfully completed probation pursuant to section 410 of the Act were not eligible to have their records expunged pursuant to section 5 of the Criminal Identification Act.

Defendant filed a motion for reconsideration on September 16, 1988, which stated that the court had denied defendant's request to expunge "arrest records and Circuit Court records." Defendant also included in his motion to reconsider a letter from a prospective employer who denied him employment because of the prior 1984 "conviction." The court denied defendant's motion.

Defendant appealed, and this court reversed the judgment and order of the circuit court below and remanded the cause for a new hearing. (*People v. Hansen* (1989), 185 Ill. App. 3d 560, 541 N.E.2d 816.) This court found that a person who has successfully completed probation pursuant to section 410 of the Act is eligible for expungement of criminal records pursuant to section 5 of the Criminal Identification Act.

On remand, the court ordered defendant's records held at the sheriff's office expunged. The court explained:

"It does seem to me that people who have served their sentence, have done what's required to be done, ought not to be perpetually hampered by virtue of their prior records, their prior indiscretion, and perhaps terming it an indiscretion is putting it lightly, but it does appear to be out of character at least

with his current mode of behavior, and to that extent it does seem that it does, that what is recorded in history is not a fair representation of the situation as it is today, and so for that reason I am going to grant the petition."

The court, however, refused to order the expungement of the circuit clerk's records. The court reasoned:

"Because then you can't ever establish that it's been expunged. The expungement itself goes into the court record and then gets sealed up, and, and so there is no way of showing that it has been expunged."

Defense counsel responded by asking the court for an order to seal the circuit clerk's file. A seal would ensure both that the file would not be destroyed, and that a court order would be required to observe the contents of the file. Defense counsel noted that defendant's prospective employer had gone into the circuit clerk's office, found defendant's record, and denied defendant employment because of the record. The court replied that defendant's file would reveal the expungement order and explained:

"Otherwise, you run into all kind of trouble. The Circuit Clerk has to remove it from her indexes and has to remove it from, has to seal it up and place it in an envelope. Then you can't, you can't go and try and find it to show that it has been expunged, and so somebody, some police agency someplace said, well, we have this set of fingerprints or something, and, and there is no way of showing that it is expunged, and so then the Circuit Clerk had several of these things that were expunged, and it just causes a great deal of difficulty because you have to open each one of them and see if that's the one of the person who claims that his arrest record was expunged."

Defendant filed a timely notice of appeal.

The chief judge of the circuit court was of the belief that defendant should have his record expunged. However, the court refused to expunge the records held by the circuit clerk for two reasons: (1) the inconvenience the circuit clerk would suffer in expunging the record; and (2) the inability of police agencies to inquire about defendant's fingerprints and arrest record. We find neither concern valid and suggest a procedure to alleviate the court's concerns.

■ Section 5 of the Criminal Identification Act strikes a balance between concern for effective record keeping and the right of privacy of individuals. (*People v. Valentine* (1977), 50 Ill. App. 3d 447, 365 N.E.2d 1082.) The trial court was concerned that the circuit clerk would suffer an inconvenience expunging defendant's records. The

court noted the problem of proving a record had been expunged and the trouble the circuit clerk would incur attempting to find the expunged record, opening every sealed document in an attempt to find the one in question. This need not be the case, however, as a circuit clerk may easily keep track of the record and at the same time keep the record from the public. The clerk may seal the record, store it in a vault, delete the file from the county index, and list the contents in a separate index that would be available only to the court and the clerk. This procedure would strike the proper balance between effective record keeping and an individual's right to privacy.

The trial court was also concerned about the inconvenience the circuit clerk would incur in removing the expunged record from its indexes, placing it in an envelope and sealing it. This inconvenience, however, is greatly outweighed by the harm defendant suffers in having his "expunged" record open to the public. We note that the circuit clerk performs a similar act with other records, including juvenile and adoption records. If the court's concern were valid, then no circuit court record would ever be expunged as it would be too much of an inconvenience. This would in effect render the statute and its protection of privacy meaningless, as the "expunged" record would remain on file for the public to see.

■ The court's second concern was the ability of a police agency to inquire about defendant's arrest record or fingerprints. This concern is not valid, however, as Illinois law provides that the Illinois State Police shall serve as a "central repository and custodian of criminal statistics." The State Police may maintain all records of any person admitted to section 410 probation who fulfills the terms and conditions of such probation, such as defendant. (Ill. Rev. Stat. 1987, ch. 127, par. 55a(5).) Defendant's arrest record and fingerprints will be on file at State Police headquarters. See *Hansen*, 185 Ill. App. 3d at 564, 541 N.E.2d at 818.

In response, the State argues (1) this court is without jurisdiction to hear this appeal; (2) defendant has already obtained the relief his original and only petition prayed for; (3) the records of the circuit clerk "relating to such arrest" and the "records of the Clerk of the Circuit Court" are not an entire circuit clerk's file; and (4) the chief judge did not abuse his discretion in denying defendant's request for the circuit clerk's records to be expunged. We are not persuaded by these arguments.

The State first contends that this court is without jurisdiction to hear this appeal because defendant's notice of appeal is defective. Defendant's notice of appeal states:

"5. Nature of Judgment or Order appealed from: Circuit Court's denial of Defendant's petition to seal Circuit Court records of expunged conviction."

The State argues that while defendant refers to a "petition to seal circuit court records," no document bearing such name was ever filed. Instead, defendant's only petition was labeled "Petition to Expunge AND NOTICE." The State also notes that defendant's notice of appeal seeks to seal an expunged "conviction." The State argues that no conviction ever existed as defendant was sentenced to probation pursuant to section 410 of the Act "without the entry of a judgment of conviction on 7/29/84." Thus, the State argues, there can be no appeal, or expungement of a conviction, when there was no conviction.

■■ ■ The State's argument fails for several reasons. During the hearing on remand, the court refused to grant defendant's request insofar as it sought to seal the records at the circuit clerk's office. It is from this denial that defendant appeals. The State further fails to note that section 410(f) of the Act states:

"A disposition of probation [under section 410] is considered to be a *conviction* for *** appeal ***." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 56½, par. 1410(f).

Moreover, a notice of appeal is to be liberally construed and appellate courts will have jurisdiction if the notice, when considered as a whole, fairly and adequately sets out the judgment complained of and the relief sought. (*Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 394 N.E.2d 380.) The State alleges no prejudice, and the alleged defect is one of form over substance and, as such, does not deprive this court of jurisdiction. *People v. Ahlstrand* (1983), 113 Ill. App. 3d 363, 447 N.E.2d 517.

The State's second contention is that defendant's appeal is moot, as he has already obtained the relief his original (and only) petition prayed for. Defendant's petition was a preprinted legal form which asked "the Court to expunge his/her arrest records." The State argues that the phrase, "arrest records," refers only to the records held by the McLean County sheriff's department because the circuit clerk's office is not an arresting agency. The State further argues that section 5 of the Criminal Identification Act makes a distinction between "record of arrest" of the "official records of the arresting authority" and "records of the circuit court relating to such arrests" in the "records of the clerk of the circuit court." (Ill. Rev. Stat. 1987, ch. 38, par. 206—5.) Because the court's October 11, 1989, order directed the McLean County sheriff's department to expunge defendant's arrest record, the State argues that defendant has already received the re-

lief he originally sought.

■ We disagree and find defendant's petition seeking to expunge his "arrest records" included the records held by the McLean County sheriff's department as well as the records relating to such arrests in the circuit clerk's office. Defendant's motion to reconsider asked the court to reconsider its order denying his original petition to expunge "his arrest records and Circuit Court Records." During the hearing on remand, defense counsel specifically asked the court to expunge both the sheriff's records and the circuit clerk's records. Moreover, the trial court apparently was never under the belief that defendant's petition asked only for the expungement of the sheriff's records, as the court entertained both requests.

The State's third argument is that section 5 of the Criminal Identification Act does not specifically define what "circuit clerk records relating to an arrest" are. The State contends there is no authority to assert that the entire circuit clerk's record, including pleadings, docket sheet, and orders, must be expunged. These records have potential reasons to be preserved, the State insists, especially here, where defendant had agreed to testify against a codefendant and a codefendant needed defendant's record in his appeal concerning the issue of whether he received a disparate sentence as compared to defendant.

■ The intent of the legislature can best be determined by the plain and ordinary meaning of the statutory language. (*People v. Pettit* (1984), 101 Ill. 2d 309, 461 N.E.2d 991.) Black's Law Dictionary defines "expunge" as "[t]o destroy; blot out; obliterate; erase; efface designedly; strike out wholly. The act of physically destroying information—including criminal records—in files, computers, or other depositories." (Black's Law Dictionary 522 (5th ed. 1979).) "Expungement of record" is defined as "Process by which record of criminal conviction is destroyed or sealed after expiration of time." (Black's Law Dictionary 522 (5th ed. 1979).) Because the legislature did not specify that only certain portions of the circuit clerk's records relating to an arrest may be expunged, and because the purpose of expungement is to erase any record of a conviction, the entire record, including the entire circuit clerk's record, may be expunged. We note, however, that the procedure suggested above for expunging records would alleviate the concerns the State has concerning the availability of the record for future use.

The State's final argument is that the trial court did not abuse its discretion in denying defendant's request for the expungement of the circuit clerk's records. The State first argues that defendant was orig-

inally indicted for a Class 1 felony, the delivery of between 10 and 30 grams of cocaine. (Ill. Rev. Stat. 1983, ch. 56½, par. 1401(b)(2).) Defendant pleaded guilty to possession of less than 10 grams of cocaine, a Class 4 felony. (Ill. Rev. Stat. 1983, ch. 56½, par. 1402(b).) The State argues that today, the possession charge (of 13 grams of cocaine) would be a Class 1 felony. (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(b)(2).) The State further argues that at the time of the offense, defendant was almost 30 years old, was the manager of a restaurant, and had solicited another to sell cocaine for a profit. Thus, this is not a case where a naive young adult only possessed cocaine.

■■ The State's argument would have merit if the court denied defendant's request for expungement altogether. However, the court believed that defendant qualified to have his record expunged, stating that defendant's "indiscretion" appeared to be out of character with his current mode of behavior. The court also believed that defendant's record should not hamper his future. The court simply did not want to expunge the circuit clerk's records because of the inconvenience to the clerk and because of the mistaken belief that there would be no permanent record of defendant's arrest and fingerprints on file.

The State also argues that the trial judge did not abuse his discretion because the judge believed the circuit clerk's file may have future value, protecting not only the instant defendant, but others as well. These others include codefendants, or those not yet charged but under investigation. However, if the circuit clerk simply removes the file, seals it, and keeps a separate index to the expunged records, there should be no problem locating the record if it is needed in the future.

For the foregoing reasons, the judgment of the circuit court is affirmed insofar as it ordered expungement of the arrest record held by the sheriff's office, but reversed with directions to expunge the records relating to defendant's arrest held by the circuit clerk's office.

Affirmed in part; reversed in part and remanded.

KNECHT, P.J., and STEIGMANN, J., concur.