RAYMOND W. WINEBLAD *et al.*, Plaintiffs-Appellants, v. THE DEPART-
MENT OF REGISTRATION AND EDUCATION, Defendant-Appellee.

First District (1st Division)   No. 85—123

Opinion filed September 28, 1987.

Law Offices of Samuel V. P. Banks, of Chicago (Terrence P. Le Fevour, of counsel), for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Gabriel M. Rodriguez, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiffs, Raymond W. Wineblad and Thomas J. Jones, filed an action for declaratory and injunctive relief against defendant, the Department of Registration and Education (the Department), alleging that an amendment to the statutory licensing requirements for physician's assistants enacted after plaintiffs had become licensed in 1977 was unconstitutional. The amended statute required plaintiffs to take an additional certifying examination as a condition of retaining their licenses as physician's assistants. The Department's motion for summary judgment was granted and plaintiffs appeal from that order contending that the ruling by the trial court violated their constitutional due process and equal protection rights.

Plaintiffs were physician's assistants licensed pursuant to the Physician's Assistants Practice Act (the Act) (Ill. Rev. Stat. 1985, ch. 111, par. 4751 *et seq.*), which became effective on July 1, 1976. Under the Act, a physician's assistant is defined as any person, not a physician, who is certified to perform medical procedures under the supervision of persons licensed to practice medicine in the State of Illinois. The plaintiffs passed the initial written examination offered by the Department for the certification of physician's assistants and were licensed in November 1976. Since becoming licensed, plaintiffs have been employed as physician's assistants to orthopedic physicians.

On September 20, 1977, the Illinois legislature amended the Act to require physician's assistants to hold a valid certificate issued by the National Commission on Certification of Physician's Assistants (NCCPA). To obtain a valid certificate from the NCCPA, applicants

are required to successfully complete its national certifying examination. The NCCPA has administered a national certifying examination for physician's assistants since 1975. NCCPA certification requires that physician's assistants earn 100 hours of continuing medical education every two years and reexamination every six years. Pursuant to the provisions of the amended Act, the Department amended its rules and informed plaintiffs by letter dated February 3, 1982, that those persons certified as physician's assistants prior to the amended legislation were required to pass the NCCPA written certifying examination prior to March 31, 1982. Subsequently, the renewal date for all licenses issued under the Act was changed to March 1, 1984, and licensees were given to that date to successfully complete the NCCPA certifying examination.

The written examination administered by the NCCPA tests core skills minimally required by all physician's assistants. In addition, examinees may take a proficiency component examination in either primary care medicine or surgery, but passage of the component examinations is not required to become certified. As of March 1, 1984, plaintiffs, who had not taken the NCCPA certifying examination, filed an action seeking declaratory and injunctive relief. In their complaint, plaintiffs alleged that the Department's requirement that they take the NCCPA examination was illegal, void and unconstitutional since they were already certified as physician's assistants. Plaintiffs contend that retroactive application of the rule requiring them to take the examination is unfair in that it requires them to develop knowledge in areas of medicine in which they have never practiced. Plaintiffs stated that they would be willing to take a certifying examination administered by the National Board for Certification of Orthopedic Physician's Assistants.

The trial court granted plaintiffs' request for a temporary restraining order. Following the hearing on the Department's motion for summary judgment on December 5, 1984, the trial court granted the motion, finding no violation of plaintiffs' constitutional rights occurred where retroactive application of the rule requiring the examination was reasonably related to the public health, safety and welfare. At plaintiffs' request, the trial court granted a stay of the enforcement of its order until November 1, 1985, when the NCCPA certifying examination would next be administered.

■ Plaintiffs first argue on appeal that retroactive application of the amended statute requiring them to pass the NCCPA certifying examination violated their constitutional due process rights. While plaintiffs recognize the authority of the Department to change the require-

ments for issuance of a license and to retest licensed physician's assistants, they contend that the content of such an examination should be tailored to their specialty area of orthopedic medicine.

Section 10 of the Act, as amended, provides for the criteria necessary before the Department may issue a physician's assistant certificate, as follows:

"Upon the satisfactory completion of application and examination procedures and compliance with the applicable rules and regulations of the Department of Registration and Education, the Department shall issue a physician's assistant certificate to the qualifying applicant who currently holds a valid certificate issued by the National Commission on Certification of Physician's Assistants." (Ill. Rev. Stat. 1985, ch. 111, par. 4761.)'

The Act further provides that renewal of the certificate requires, *inter alia*, "the individual's continuing to fulfill all of the requirements for issuance of a certificate under this Act." Ill. Rev. Stat. 1985, ch. 111, par. 4766.

As provided in the statute, one of the requirements for issuance of the license of a physician's assistant is that applicants hold a valid certificate issued by the NCCPA. In order to obtain this certificate, applicants must pass the NCCPA certifying examination. Although plaintiffs were not required to pass this examination when first licensed in 1977, the State may change the requirements for the issuance or retention of an occupational license so long as the requirement bears some reasonable relationship to the legitimate interest of securing the public health, safety and welfare. (*Rios v. Jones* (1976), 63 Ill. 2d 488, 348 N.E.2d 825.) Further, licensees under the Act must continue to meet the minimum criteria for issuance of a license in order to renew their license and continue to practice in the State of Illinois.

In *Rios*, the Illinois Supreme Court upheld, against constitutional attack, an amended statute which distinguished between the licensing procedures for doctors educated in this country and those educated in foreign countries and altered the requirements for issuance and retention of State hospital permits. (Ill. Rev. Stat. 1973, ch. 91, par. 14a.) The plaintiffs, foreign born and educated physicians, held State hospital permits which enabled the holder of the permit to practice medicine only under the supervision of the hospital designated on the license. The amendment to the statute limited the term of the permit, allowed for a limited number of renewals of the permit and required the holder of the permit to pass an examination and submit proof that he was pursuing a course of study that would enable him to pass an

examination for the issuance of a license to practice medicine in all its branches.

The *Rios* court held that the amended statute did not violate plaintiffs' due process rights since the State has a compelling interest in the practice of professions within its boundaries which, when viewed in light of its inherent police power, grants it broad powers to establish the standards for licensing practitioners and regulating the practice of their professions. Measured against the State's interest, the court found that the plaintiffs' interest in continued employment must yield to the State's legitimate exercise of power to protect the public health, safety and welfare.

■ We find the principles and reasoning applied in *Rios* controlling in the case at bar. The legislature's requirement that all physician's assistants achieve national certification is reasonably related to the State's licensing scheme and is a valid exercise of the State's power to regulate health care professionals in order to protect the public health, safety and welfare.

■ Plaintiffs contend that retroactive application of the amended statute was improper, citing *Gonzales-Blanco v. Clayton* (1982), 110 Ill. App. 3d 197, 441 N.E.2d 1308. In *Gonzales-Blanco*, plaintiff doctors, who graduated from a Puerto Rican medical school, brought an action seeking to compel the Department of Registration and Education to issue them temporary certificates of registration required for participation in residency training programs at Illinois hospitals. We held that retroactive application of a new Department rule which required foreign medical schools to have rules and curricula commensurate with the rules and curricula of the College of Medicine of the University of Illinois before receiving accreditation was improper. We found the new rule represented an abrupt departure from the old Department rule and retroactive application of the revised rule would substantially prejudice plaintiffs who were prevented from pursuing residency training programs to which they had been accepted.

The factors which weighed in favor of the plaintiffs in *Gonzales-Blanco* are not present in the case before us. The Physician's Assistants Practice Act was first enacted in 1976 and plaintiffs became licensed that same year. The amended provision at issue here was enacted in 1977. Accordingly, no substantial prejudice to plaintiffs is present as there was no well-established practice of not requiring a certifying examination. Plaintiffs were on notice of the amended statutory provision and any reliance on the former statute was misplaced. Furthermore, under the language of the amended statute all physician's assistants were required to be reexamined every six years in

order to renew their license. Plaintiffs cannot claim that they are exempt from this provision where they were licensed one year prior to the amended statute. In licensing professionals, the decision to apply additional requirements retroactively satisfies due process if it is justified by a rational legislative purpose. (*Brown v. McGarr* (7th Cir. 1985), 774 F.2d 777.) In establishing the requirements for licensing health care professionals, we believe the State's interests are of great importance. See *Rios v. Jones* (1976), 63 Ill. 2d 488, 348 N.E.2d 825.

■ Plaintiffs further charge that the contents of the NCCPA examination test competence in the specialized area of primary care medicine. Plaintiffs contend that requiring them to pass such an examination, after they have practiced in the field of orthopedics, is an unreasonable requirement which serves no rational purpose in promoting public health, safety and welfare. We find this argument to be without support in the record. The amended statute provides for the licensing of physician's assistants without distinguishing between specialized areas of practice that licensees might pursue. The record indicates that the NCCPA examination is generic in nature, testing minimum competence and core skills required by all physician's assistants without examining selective qualifications for any particular specialty. While subcomponent examinations are available which test proficiency in the areas of primary care medicine or surgery, passage of these subcomponent examinations is not required to achieve NCCPA certification. In our judgment, the Department's requirement that all physician's assistants achieve NCCPA certification is in accord with the statutory licensing scheme. The Act recognizes only one type of license, that of physician's assistant, and the fact that plaintiffs chose to specialize as orthopedic physician's assistants is a choice for which there is no special licensing provision.

■ Plaintiffs' remaining argument is that the Department's rule requiring them to pass the NCCPA examination violates equal protection principles because it applies only to those persons licensed prior to September 20, 1977. If a classification drawn between persons bears a rational relationship to a legitimate State purpose, it will be upheld as against an equal protection challenge. (*New Orleans v. Dukes* (1976), 427 U.S. 297, 49 L. Ed. 2d 511, 96 S. Ct. 2513; *Panchinsin v. Enterprise Cos.* (1983), 117 Ill. App. 3d 441, 453 N.E.2d 797.) If a reviewing court can discern any reasonable basis for the legislative classification, the statute should be upheld. *Harrington v. City of Chicago* (1983), 116 Ill. App. 3d 137, 452 N.E.2d 26.

■ In the case at bar, we find that the classification of those persons licensed prior to September 20, 1977, is rationally related to the

State's objective of protecting the public's health, safety and welfare and ensuring that those who are licensed under the Act demonstrate minimal competence in the field. The classification is reasonable to achieve this purpose because those who were licensed after the effective date of the Act on July 1, 1976, but prior to September 20, 1977, when the amendment was enacted, are the only licensees who have not taken the NCCPA examination. The legislature may well have determined that the NCCPA examination was a better measure of competence to practice as a physician's assistant than the examination administered prior to the amendment. Accordingly, in our opinion, the classification drawn is reasonable and addresses a valid legislative purpose.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

O'CONNOR and MANNING, JJ., concur.