CYRUS BASS *et al.*, Plaintiffs-Appellants, v. NIKKI ZOLLAR, Director of the Department of Professional Regulation, Defendant-Appellee.

First District (1st Division)    No. 1—93—2340

Opinion filed July 24, 1995.

Cyrus Bass, of Chicago, appellant *pro se.*

Edward A. Berman, P.C., of Chicago, for other appellants.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Jacqueline M. Zydeck, Assistant Attorney General, of counsel), for appellee.

JUSTICE WOLFSON delivered the opinion of the court:

Dr. Bass and some other optometrists attack certain regulations of the Illinois Department of Professional Regulation (Department). They say the regulations are "fraudulent," "gobbledegook," and "arbitrary." Dr. Bass further says the Department demonstrated a "reckless disregard for truth and the rights of others."

There is less here than meets the eye.

The only real problem in this case is that the Department made a promise to Dr. Bass and then the Department broke that promise.

For that reason, we remand Dr. Bass' administrative review case for the post-denial interview he was promised. We affirm the trial judge's order dismissing the amended complaint for declaratory relief filed by Dr. Bass and the other optometrists.

## PROCEEDINGS IN THE DEPARTMENT—DR. BASS

The dispute between Dr. Bass and the Department has to do with continuing education (CE) requirements.

The Illinois Optometric Practice Act provides:

> "All renewal applicants shall provide proof of having met the requirements of continuing education set forth in the rules of the Department. The Department shall, by rule, provide for an orderly process for the reinstatement of licenses which have not been renewed due to failure to meet the continuing education require- ments. The continuing education requirement may be waived in cases of extreme hardship as defined by rules of the Department." 225 ILCS 80/16 (West 1992).

The Department has promulgated regulations that implement the statute. After setting out the 24 hours of continuing education required, and the method of showing compliance, the regulations au- thorize the Department to waive the CE requirements on a showing of good cause. One of the ways to show "good cause" is to establish, by affidavit or "other evidence," extreme hardship to the applicant. 68 Ill. Adm. Code, ch. VII § 1320.80(f)(1) (1992).

When an applicant requests a waiver, he also may ask for an interview "with the Committee." The interview is a matter of right. 68 Ill. Adm. Code, ch. VII § 1320.80(f)(3) (1992).

Dr. Bass did not ask for an interview with the Committee when he requested a waiver of the CE requirement for the 1990-92 license renewal period. He relied on his statement that when his wife died in February 1990, he lost his only means of transportation to CE classes. He offered no documents or affidavits in support of his request for waiver.

The Department denied Dr. Bass' request for waiver on September

8, 1992, finding no case of extreme hardship had been made. His license was placed on nonrenewal status.

The Department told Dr. Bass this was a final decision and could be appealed by the filing of a complaint in the circuit court under the Administrative Review Law (735 ILCS 5/3—101 through 3—113 (West 1992)). The Department told Dr. Bass:

> "Should you wish to take advantage of this right, you must file a lawsuit in the appropriate circuit court of this State within 35 days of the receipt of this letter. You must file your suit directly with the court. Do not contact the Department in regard to the initiation of suit."

## PROCEEDINGS IN THE TRIAL COURT—DR. BASS

Dr. Bass filed his complaint for administrative review in the circuit court on September 29, 1992. It was filed as an amendment to a pending declaratory judgment complaint that challenged various Department regulations.

In May of 1993 the trial court affirmed the Department's decision denying Dr. Bass' request for a waiver of CE requirements. The trial court's stay of that decision remains in effect.

## DECISION

### DR. BASS' ADMINISTRATIVE REVIEW

It is difficult, at times, to follow the arguments made by Dr. Bass in this *pro se* appeal.

■ At one point he seems to challenge the Department's CE requirements. We find the CE requirements are reasonably related to the State's goals of protecting the public health, safety, and welfare and ensuring that those who are licensed demonstrate minimal competence in the field. *Wineblad v. Department of Registration & Education* (1987), 161 Ill. App. 3d 827, 833, 515 N.E.2d 705.

■ Dr. Bass also claims he was denied due process of law because he was not provided with a hearing or Committee interview after his waiver request was denied.

He notes, correctly, that administrative proceedings are subject to the requirements of due process of law. (*Scott v. Department of Commerce & Community Affairs* (1981), 84 Ill. 2d 42, 48, 416 N.E.2d 1082.) "Due process requires a fair proceeding which includes proper notice, an opportunity to be heard, and an impartial tribunal." (*Sharma v. Zollar* (1994), 265 Ill. App. 3d 1022, 1030, 638 N.E.2d 736.) Due process is a flexible concept and requires only such procedural protections as fundamental principles of justice and the particular

situation demand. *Abrahamson v. Illinois Department of Professional Regulation* (1992), 153 Ill. 2d 76, 92, 606 N.E.2d 1111.

Both sides agree that neither the statute nor the Department's regulations provide for an interview after the Committee denies a request for waiver of the CE requirements. However, for some reason that is not clear, the Department promised Dr. Bass such an interview.

When Dr. Bass filed his request for a waiver for the 1990-92 renewal period, the Department sent him a sheet entitled "Waiver of Continuing Education Requirements" with the renewal application. The sheet states:

> "If your request is denied, you have the right to submit a written request for interview before the Optometric Licensing and Disciplinary Committee, within 20 days from the date of the Department's mailing of the denial notice, after which time your license will be cancelled."

The Department now says the statement was a mistake, that it was "inaccurate" to say Dr. Bass would be provided an interview after denial. But that was not the Department's position in the trial court. There, the trial judge asked the Department attorney about the statement:

> "Q. What is an interview? Will the Attorney General please answer me? What is an interview?
>
> A. Appear before, as it says here, you have a right to submit a written request for interview before the Optometric Licensing and Disciplinary Committee *within twenty days of the mailing of the denial notice*. You go in front of the Board and explain your situation and you create your record and then you come here.
>
> Q. Is that like an appeal process within the agency?
>
> A. It is just a further way to explain your situation.
>
> Q. What could he hope to accomplish by that interview?
>
> A. He could hope to change the Board's mind so that when the Board makes the recommendation to the Director, which hadn't been done prior to the interview, he could convince the Board that he should have been granted a waiver." (Emphasis added.)

It is unbecoming of the Department to now say Dr. Bass was not entitled to a post-trial interview. We do not accept this change of position at the appellate level.

The Department also contends that Dr. Bass cannot rely on the "inaccurate statement" because he did not request the interview within 20 days of receiving the denial notice.

That contention is disingenuous. The Department's denial notice told Dr. Bass he had 35 days to file a complaint for administrative

review in the circuit court. The clock was running and there was no way to stop it. Further, he was told: "Do not contact the Department in regard to the initiation of suit." Faced with the imminent loss of his license, Dr. Bass went to court. That was the only sensible thing to do. It was clear that the promise made on September 8, 1992, in the sheet that accompanied the license renewal forms, was not going to be kept.

We believe principles of basic fairness require that Dr. Bass be given the post-denial interview he was promised by the Department.

We remand Dr. Bass' case to the circuit court. The trial court is to direct the Department to provide Dr. Bass a post-denial interview within a reasonable time. For that purpose, we vacate the trial court's order that affirmed the Department's denial of a waiver of CE requirements.

After the post-denial interview takes place, the trial court will review any administrative decision the Department makes concerning Dr. Bass' request for a waiver. We make no comment at this time as to what that interview should consist of or what the outcome should be.

Because of our disposition of this issue, we do not reach the question of whether the Department's regulations, which do not provide for a post-denial interview, violate due process.

## THE OTHER PLAINTIFFS' DECLARATORY JUDGMENT ACTION

■ In the declaratory judgment action, Dr. Bass and 20 other optometrists challenged certain Department regulations. The trial court found there was no actual controversy concerning the 20 others. We agree.

In addition, the 20 other optometrists make no specific legal argument about the regulations in their briefs in this court. There is no issue for us to resolve. (See 134 Ill. 2d R. 341(e)(7); *In re Marriage of Winton* (1991); 216 Ill. App. 3d 1084, 576 N.E.2d 856.) Instead, they seek to champion Dr. Bass' cause. They have no standing to do that.

The trial court's order dismissing the declaratory judgment action is affirmed.

## CONCLUSION

We vacate the trial court's order affirming the Department's denial of Dr. Bass' request for a waiver of continuing education requirements. We remand the administrative review cause to the trial court for the purpose of directing the Department to grant Dr. Bass a post-denial interview and to review the final decision of the

Department. We affirm the order dismissing the declaratory judgment action.

Affirmed in part; vacated and remanded in part, with directions.

BUCKLEY and S. O'BRIEN, JJ., concur.