SAM AKMAKJIAN, Plaintiff-Appellant, v. THE DEPARTMENT OF PROFESSIONAL REGULATION *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—96—1177

Opinion filed April 15, 1997.

Goldberg, Zulkie & Frankenstein, Ltd., of Chicago (Gerald G. Goldberg and Robert A. Bauerschmidt, of counsel), for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Brian F. Barov, Assistant Attorney General, of counsel), for appellees.

JUSTICE DiVITO delivered the opinion of the court:

Plaintiff Sam Akmakjian, D.D.S., filed this action, a complaint for administrative review, following the denial by defendants the Illinois Department of Professional Regulation (the Department) and Nikki Zollar (Zollar) of his petition to expunge his Department record. He subsequently filed a motion for immediate remand to the Department, seeking a hearing on his petition to expunge. Plaintiff appeals the circuit court's denial of that motion. For the reasons that follow, we affirm.

Pursuant to a September 1988 consent order, plaintiff was suspended from the practice of dentistry for 15 days for advertising in violation of the Illinois Dental Practice Act (the Act) (225 ILCS 25/1 *et seq.* (West 1994)). In January 1990, pursuant to a consent order, plaintiff was suspended from dental practice for 21 days for use of an assumed name and submission of insurance claims for work not performed. In a consent order dated December 1990, plaintiff was suspended from practice for four months for failing to serve the 21-day suspension required by the January 1990 consent order.

In 1991, plaintiff filed a legal malpractice action against the attorney who had represented him before the Department, Kent Brody, and his firm, Fishman & Fishman. In May 1994, pursuant to a settlement, an order of dismissal was entered in which the circuit court found, *inter alia*, that Brody "miscommunicated to Plaintiff as to when the period of Suspension imposed by the Department of Professional Regulation was to begin. \*\*\* The Court finds that the Plaintiff was not culpable in his failure to serve the actual dates of [the January 1990] suspension."

In January 1995, plaintiff filed a petition to expunge his record with the Department. In the petition, plaintiff alleged that because the circuit court found him not culpable for failing to serve the actual dates of his January 1990 suspension, his record should be expunged fully. The Department filed a "motion to strike petition to expunge or in the alternative deny petition to expunge." In July 1995, without holding an evidentiary hearing, Zollar signed an order denying the petition to expunge.

In August 1995, plaintiff filed this action, a complaint for administrative review, contending that Zollar erred in denying his petition to expunge. In September 1995, plaintiff filed a motion for immediate remand to the Department, seeking a hearing on his petition to expunge. In February 1996, the circuit court denied the motion for immediate remand. Following a motion for clarification, the circuit court found that its February 1996 order was final, dispositive of all issues, and appealable under Supreme Court Rule 301 (134 Ill. 2d R. 301). Plaintiff appeals.

■ Plaintiff's first contention—that the denial of his petition to expunge was against the manifest weight of the evidence—is not reviewable. Because no evidence was presented before the Department and Zollar made no findings of fact or law, we have no basis for making an evidentiary determination. See *Crabtree v. Illinois Department of Agriculture*, 128 Ill. 2d 510, 517, 539 N.E.2d 1252 (1989) (reviewing court is confined to consideration of evidence submitted during administrative hearing). Accordingly, we reject this aspect of plaintiff's appeal.

The gist of plaintiff's remaining contentions is that, by being denied a hearing on his petition to expunge, he was denied due process of law. Although he relies on the Act, the Illinois Administrative Code, the representations of the Department and an assistant to Zollar, and the dismissal order of the circuit court entered in his legal malpractice action, none of those grounds provides a legitimate claim of entitlement to his departmental record or its expunction.

■ Administrative proceedings are subject to the requirements of due process, including notice and the opportunity to be heard. *Bass v. Zollar*, 274 Ill. App. 3d 140, 142, 653 N.E.2d 935 (1995). In a procedural due process case, however, the threshold question is whether a protectable property interest exists. *Buttitta v. City of Chicago*, 9 F.3d 1198, 1201 (7th Cir. 1993). To have a constitutionally protected property interest, a plaintiff must show that he has a legitimate claim of entitlement to it. *Kim Construction Co. v. Board of Trustees*, 14 F.3d 1243, 1245 (7th Cir. 1994); *Bart v. Board of Education*, 256 Ill. App. 3d 880, 885-86, 632 N.E.2d 39 (1993), *appeal denied*, 155 Ill. 2d 561, 633 N.E.2d 1 (1994). A legitimate claim of entitlement may arise from statute, regulation, municipal ordinance, or express or implied contract. *Border v. City of Crystal Lake*, 75 F.3d 270, 273 (7th Cir. 1996). A unilateral expectation of a protected interest is insufficient to establish a claim of entitlement. *Groenings v. City of St. Charles*, 215 Ill. App. 3d 295, 307, 574 N.E.2d 1316 (1991), *appeal denied*, 141 Ill. 2d 540, 580 N.E.2d 113 (1991).

■ Plaintiff first contends that the Act provides entitlement to a hearing on his petition to expunge. Nowhere in the Act, however, is a departmental record, or its expunction, mentioned or provided for. Section 25 of the Act provides for notice of hearing only before the Department suspends, revokes, or places on probationary status any dental license or certificate. 225 ILCS 25/25 (West 1994). Section 27 provides that "[a]t the time and place fixed in the notice under Section 25," the Board will hear the charges and the accused will be afforded the opportunity to present evidence. 225 ILCS 25/27 (West 1994). Section 31 provides for restoration of a suspended or revoked

license. 225 ILCS 25/31 (West 1994). Moreover, the Department is expressly empowered by the Act to conduct hearings on "proceedings to revoke, suspend, or on objection to the issuance of licenses or certificates of registration." 225 ILCS 25/5(d) (West 1994). Thus, the Act's procedural protections apply only to proceedings regarding licensing, not to collateral proceedings regarding a departmental record.

We note that other Illinois administrative acts expressly provide for a hearing on a petition to expunge a departmental record. *E.g.*, 325 ILCS 5/7.16 (West 1994) (under Abused and Neglected Child Reporting Act, subject has a right to hearing to determine whether record of report of abuse or neglect should be expunged). In fact, in the cases cited by plaintiff for the proposition that expunction is routine before many State agencies, the issue was raised only pursuant to statute. *Cavarretta v. Department of Children & Family Services*, 277 Ill. App. 3d 16, 19, 660 N.E.2d 250 (1996) (expunction pursuant to section 7.16 of Abused and Neglected Child Reporting Act (325 ILCS 5/7.16 (West 1994))); *Korunka v. Department of Children & Family Services*, 259 Ill. App. 3d 527, 631 N.E.2d 759 (1994) (same); *People v. Hansen*, 198 Ill. App. 3d 160, 555 N.E.2d 797 (1990) (expunction of arrest record pursuant to section 5 of "An Act in relation to criminal identification and investigation" (Ill. Rev. Stat. 1987, ch. 38, par. 206—5)); *People v. Whigam*, 202 Ill. App. 3d 252, 559 N.E.2d 896 (1990) (same). Had the legislature intended to provide a right to a hearing on expunction in the Act, it could have done so expressly. Accordingly, we conclude that the Act does not provide plaintiff with a legitimate claim of entitlement that is subject to due process of law. Accord *Las Fuentes, Inc. v. City of Chicago*, 209 Ill. App. 3d 766, 770, 567 N.E.2d 1093 (1991), *appeal denied*, 139 Ill. 2d 597, 575 N.E.2d 916 (1991) (although under licensing scheme revocation of liquor license must satisfy due process, renewal need not because there is no vested interest in renewal).

In asserting that he was entitled to a hearing on his petition to expunge, plaintiff next relies on section 1110.30 of the Illinois Administrative Code (68 Ill. Adm. Code § 1110.30 (1996)), "Institution of a Contested Case by Petitioner." The provisions of section 1110.30 expressly apply to cases in which a certificate of registration was revoked or suspended (68 Ill. Adm. Code § 1110.30(b) (1996)) and to cases in which an application for licensing was denied (68 Ill. Adm. Code § 1110.30(c) (1996)). As in the Act, no mention is made of expunction of a record. Accordingly, we decline to expand upon the express language of section 1110.30; it does not provide plaintiff with any interest in expunction of his record.

Next, in reliance on *Bass v. Zollar*, 274 Ill. App. 3d 140, 653 N.E.2d 935 (1995), plaintiff contends that the Department's notice of preliminary hearing entitled him to a hearing because it provided "[a]t this preliminary hearing your Petition will be set for a formal hearing."

In *Bass*, the Department sent the plaintiff a letter stating "[i]f your request is denied, you have the right to submit a written request for [an] interview." *Bass*, 274 Ill. App. 3d at 143. The interview was beyond the procedural protections provided for in the Illinois Optometric Practice Act of 1987 (225 ILCS 80/1 *et seq.* (West 1992)). *Bass*, 274 Ill. App. 3d at 143. In the circuit court, the Department had adhered to the position that the plaintiff was entitled to such an interview; it was only at the appellate level that the Department changed its position and asserted that its prior statement was a mistake. *Bass*, 274 Ill. App. 3d at 143. The *Bass* court found that basic fairness required that the plaintiff be given the interview that he was promised. *Bass*, 274 Ill. App. 3d at 144.

The instant case is distinguishable from *Bass*. Here, the generic language of the Department's notice of preliminary hearing ("will be set for formal hearing") does not amount to a promise ("you have the right"), which might have given plaintiff entitlement to an evidentiary hearing. Further, unlike the situation in *Bass*, the Department's chief contention in the circuit court in the instant case was that plaintiff had no right to a hearing on expunction. Accordingly, we reject plaintiff's contention that the notice of preliminary hearing provided him with a claim of entitlement to a hearing on his petition to expunge.

Plaintiff's next contention is that the Department is bound by the representations of Zollar's assistant. According to plaintiff, Zollar's assistant, Kay Murray, indicated that plaintiff's disciplinary record should be expunged if he filed a petition to expunge.

As a general rule, a governmental body cannot be estopped by a representation of its agent that exceeds the authority conferred on that agent. *Soo Line R.R. Co. v. Hynes*, 269 Ill. App. 3d 81, 92, 646 N.E.2d 1218 (1994). The rationale for this rule is that one who deals with a governmental agency assumes the risk of ascertaining whether the official with whom he deals is acting within the bounds of his authority. *Soo Line R.R.*, 269 Ill. App. 3d at 92-93.

Here, assuming, *arguendo*, that Murray in fact informed plaintiff that his record should be expunged, plaintiff has presented no statute, rule, regulation, or other proof showing that Murray had the authority to bind the Department to conduct hearings that it was not otherwise authorized to hold. Thus, we conclude that if Murray made

the statements alleged by plaintiff, her representations exceeded the authority conferred upon her. Her statements will not estop the Department.

Finally, we reject plaintiff's contention that the Department was bound by the order of the circuit court entered in his malpractice claim against his attorney, which order provided that the Department "dismiss and expunge any disciplinary action." The circuit court lacked personal jurisdiction over the Department, which was never brought into court on the matter. *In re Shawn B.*, 218 Ill. App. 3d 374, 378, 578 N.E.2d 269 (1991). Accordingly, its order directing the Department to expunge plaintiff's record was void and unenforceable. *In re M.B.*, 235 Ill. App. 3d 352, 377, 601 N.E.2d 1152 (1992), *appeal denied*, 148 Ill. 2d 643, 610 N.E.2d 1264 (1993).

In sum, the Act, the Illinois Administrative Code, the representations of the Department and its assistant, and the order of the circuit court do not provide plaintiff with a legitimate claim of entitlement that is subject to the requirements of due process. Accord *Holmes v. Aurora Police Pension Fund Board of Trustees*, 217 Ill. App. 3d 338, 347, 577 N.E.2d 191 (1991), *appeal denied*, 142 Ill. 2d 654, 584 N.E.2d 129 (1991) (mere expectancy that police officer would become member of pension fund did not establish a vested interest entitled to procedural due process). Because plaintiff's petition was not subject to due process, the Department was not required to hold a hearing before summarily denying it. Accordingly, the circuit court did not err in denying plaintiff's complaint for administrative review and his motion for immediate remand. The judgment of the circuit court is affirmed.

Affirmed.

McNULTY and TULLY, JJ., concur.