SECOND DIVISION
 APRIL 15, 1997 

SAM AKMAKJIAN, 

 Plaintiff-Appellant,

 v.

THE DEPARTMENT OF PROFESSIONAL
REGULATION and NIKKI ZOLLAR, 
Director of the Department 
of Professional Regulation,

 Defendants-Appellees.
) Appeal from the
) Circuit Court of
) Cook County.
)
) No. 95 CH 7954
)
) The Honorable
) John Madden,
) Judge Presiding.
)
)
)
 JUSTICE DiVITO delivered the opinion of the court: 

 Plaintiff Sam Akmakjian, D.D.S., filed this action, a
complaint for administrative review, following the denial by
defendants the Illinois Department of Professional Regulation (the
Department) and Nikki Zollar (Zollar) of his petition to expunge
his Department record. He subsequently filed a motion for
immediate remand to the Department, seeking a hearing on his
petition to expunge. Plaintiff appeals the circuit court's denial
of that motion. For the reasons that follow, we affirm.
 Pursuant to a September 1988 consent order, plaintiff was
suspended from the practice of dentistry for 15 days for
advertising in violation of the Illinois Dental Practice Act (the
Act) (225 ILCS 25/1 et seq. (West 1994)). In January 1990,
pursuant to a consent order, plaintiff was suspended from dental
practice for 21 days for use of an assumed name and submission of
insurance claims for work not performed. In a consent order dated
December 1990, plaintiff was suspended from practice for four
months for failing to serve the 21-day suspension required by the
January 1990 consent order. 
 In 1991, plaintiff filed a legal malpractice action against
the attorney who had represented him before the Department, Kent
Brody, and his firm, Fishman & Fishman. In May 1994, pursuant to
a settlement, an order of dismissal was entered in which the
circuit court found, inter alia, that Brody "miscommunicated to
Plaintiff as to when the period of Suspension imposed by the
Department of Professional Regulation was to begin. *** The Court
finds that the Plaintiff was not culpable in his failure to serve
the actual dates of [the January 1990] suspension." 
 In January 1995, plaintiff filed a petition to expunge his
record with the Department. In the petition, plaintiff alleged
that because the circuit court found him not culpable for failing
to serve the actual dates of his January 1990 suspension, his
record should be expunged fully. The Department filed a "motion to
strike petition to expunge or in the alternative deny petition to
expunge." In July 1995, without holding an evidentiary hearing,
Zollar signed an order denying the petition to expunge. 
 In August 1995, plaintiff filed this action, a complaint for
administrative review, contending that Zollar erred in denying his
petition to expunge. In September 1995, plaintiff filed a motion
for immediate remand to the Department, seeking a hearing on his
petition to expunge. In February 1996, the circuit court denied
the motion for immediate remand. Following a motion for
clarification, the circuit court found that its February 1996 order
was final, dispositive of all issues, and appealable under Supreme
Court Rule 301 (134 Ill. 2d R. 301). Plaintiff appeals.
 Plaintiff's first contention--that the denial of his petition
to expunge was against the manifest weight of the evidence--is not
reviewable. Because no evidence was presented before the
Department and Zollar made no findings of fact or law, we have no
basis for making an evidentiary determination. See Crabtree v.
Illinois Department of Agriculture, 128 Ill. 2d 510, 517, 539
N.E.2d 1252 (1989) (reviewing court is confined to consideration of
evidence submitted during administrative hearing). Accordingly, we
reject this aspect of plaintiff's appeal.
 The gist of plaintiff's remaining contentions is that, by
being denied a hearing on his petition to expunge, he was denied
due process of law. Although he relies on the Act, the Illinois
Administrative Code, the representations of the Department and an
assistant to Zollar, and the dismissal order of the circuit court
entered in his legal malpractice action, none of those grounds
provides a legitimate claim of entitlement to his departmental
record or its expunction.
 Administrative proceedings are subject to the requirements of
due process, including notice and the opportunity to be heard. 
Bass v. Zollar, 274 Ill. App. 3d 140, 142, 653 N.E.2d 935 (1995).
In a procedural due process case, however, the threshold question
is whether a protectable property interest exists. Buttitta v.
City of Chicago, 9 F.3d 1198, 1201 (7th Cir. 1993). To have a
constitutionally protected property interest, a plaintiff must show
that he has a legitimate claim of entitlement to it. Kim
Construction Co. v. Board of Trustees, 14 F.3d 1243, 1245 (7th Cir.
1994); Bart v. Board of Education, 256 Ill. App. 3d 880, 885-86,
632 N.E.2d 39 (1993), appeal denied, 155 Ill. 2d 561, 633 N.E.2d 1
(1994). A legitimate claim of entitlement may arise from statute,
regulation, municipal ordinance, or express or implied contract. 
Border v. City of Crystal Lake, 75 F.3d 270, 273 (7th Cir. 1996). 
A unilateral expectation of a protected interest is insufficient to
establish a claim of entitlement. Groenings v. City of St.
Charles, 215 Ill. App. 3d 295, 307, 574 N.E.2d 1316 (1991), appeal
denied, 141 Ill. 2d 540, 580 N.E.2d 113 (1991).
 Plaintiff first contends that the Act provides entitlement to
a hearing on his petition to expunge. Nowhere in the Act,
however, is a departmental record, or its expunction, mentioned or
provided for. Section 25 of the Act provides for notice of hearing
only before the Department suspends, revokes, or places on
probationary status any dental license or certificate. 225 ILCS
25/25 (West 1994). Section 27 provides that "[a]t the time and
place fixed in the notice under Section 25," the Board will hear
the charges and the accused will be afforded the opportunity to
present evidence. 225 ILCS 25/27 (West 1994). Section 31 provides
for restoration of a suspended or revoked license. 225 ILCS 25/31
(West 1994). Moreover, the Department is expressly empowered by
the Act to conduct hearings on "proceedings to revoke, suspend, or
on objection to the issuance of licenses or certificates of
registration." 225 ILCS 25/5(d) (West 1994). Thus, the Act's
procedural protections apply only to proceedings regarding
licensing, not to collateral proceedings regarding a departmental
record. 
 We note that other Illinois administrative acts expressly
provide for a hearing on a petition to expunge a departmental
record. E.g., 325 ILCS 5/7.16 (West 1994) (under Abused and
Neglected Child Reporting Act, subject has a right to hearing to
determine whether record of report of abuse or neglect should be
expunged). In fact, in the cases cited by plaintiff for the
proposition that expunction is routine before many State agencies,
the issue was raised only pursuant to statute. Cavarretta v.
Department of Children & Family Services, 277 Ill. App. 3d 16, 19,
660 N.E.2d 250 (1996) (expunction pursuant to section 7.16 of
Abused and Neglected Child Reporting Act (325 ILCS 5/7.16 (West
1994))); Korunka v. Department of Children & Family Services, 259
Ill. App. 3d 527, 631 N.E.2d 759 (1994) (same); People v. Hansen,
198 Ill. App. 3d 160, 555 N.E.2d 797 (1990) (expunction of arrest
record pursuant section 5 of "An Act in relation to criminal
identification and investigation" (Ill. Rev. Stat. 1987, ch. 38,
par. 206-5)); People v. Whigam, 202 Ill. App. 3d 252, 559 N.E.2d
896 (1990) (same). Had the legislature intended to provide a right
to a hearing on expunction in the Act, it could have done so
expressly. Accordingly, we conclude that the Act does not provide
plaintiff with a legitimate claim of entitlement that is subject to
due process of law. Accord Las Fuentes, Inc. v. City of Chicago,
209 Ill. App. 3d 766, 770, 567 N.E. 2d 1093 (1991), appeal denied,
139 Ill. 2d 597, 575 N.E.2d 916 (1991) (although under licensing
scheme revocation of liquor license must satisfy due process,
renewal need not because there is no vested interest in renewal). 
 In asserting that he was entitled to a hearing on his petition
to expunge, plaintiff next relies on section 1110.30 of the
Illinois Administrative Code (68 Ill. Adm. Code 1110.30 (1996)),
"Institution of a Contested Case by Petitioner." The provisions of
section 1110.30 expressly apply to cases in which a certificate of
registration was revoked or suspended (68 Ill. Adm. Code
1110.30(b) (1996)) and to cases in which an application for
licensing was denied (68 Ill. Adm. Code 1110.30(c) (1996)). As in
the Act, no mention is made of expunction of a record. 
Accordingly, we decline to expand upon the express language of
section 1110.30; it does not provide plaintiff with any interest in
expunction of his record.
 Next, in reliance on Bass v. Zollar, 274 Ill. App. 3d 140, 653
N.E.2d 935 (1995), plaintiff contends that the Department's notice
of preliminary hearing entitled him to a hearing because it
provided "[a]t this preliminary hearing your Petition will be set
for a formal hearing." 
 In Bass, the Department sent the plaintiff a letter stating
"[i]f your request is denied, you have the right to submit a
written request for [an] interview." Bass, 274 Ill. App. 3d at
143. The interview was beyond the procedural protections provided
for in the Illinois Optometric Practice Act of 1987 (225 ILCS 80/1
et seq. (West 1992)). Bass, 274 Ill. App. 3d at 143. In the
circuit court, the Department had adhered to the position that the
plaintiff was entitled to such an interview; it was only at the
appellate level that the Department changed its position and
asserted that its prior statement was a mistake. Bass, 274 Ill.
App. 3d at 143. The Bass court found that basic fairness required
that the plaintiff be given the interview that he was promised. 
Bass, 274 Ill. App. 3d at 144.
 The instant case is distinguishable from Bass. Here, the
generic language of the Department's notice of preliminary hearing
("will be set for formal hearing") does not amount to a promise
("you have the right"), which might have given plaintiff
entitlement to an evidentiary hearing. Further, unlike the
situation in Bass, the Department's chief contention in the circuit
court in the instant case was that plaintiff had no right to a
hearing on expunction. Accordingly, we reject plaintiff's
contention that the notice of preliminary hearing provided him with
a claim of entitlement to a hearing on his petition to expunge. 
 Plaintiff's next contention is that the Department is bound by
the representations of Zollar's assistant. According to plaintiff,
Zollar's assistant, Kay Murray, indicated that plaintiff's
disciplinary record should be expunged if he filed a petition to
expunge.
 As a general rule, a governmental body cannot be estopped by
a representation of its agent that exceeds the authority conferred
on that agent. Soo Line R.R. Co. v. Hynes, 269 Ill. App. 3d 81,
92, 646 N.E.2d 1218 (1994). The rationale for this rule is that
one who deals with a governmental agency assumes the risk of
ascertaining whether the official with whom he deals is acting
within the bounds of his authority. Soo Line R.R., 269 Ill. App.
3d at 92-93.
 Here, assuming, arguendo, that Murray in fact informed
plaintiff that his record should be expunged, plaintiff has
presented no statute, rule, regulation, or other proof showing that
Murray had the authority to bind the Department to conduct hearings
that it was not otherwise authorized to hold. Thus, we conclude
that if Murray made the statements alleged by plaintiff, her
representations exceeded the authority conferred upon her. Her
statements will not estop the Department. 
 Finally, we reject plaintiff's contention that the Department
was bound by the order of the circuit court entered in his
malpractice claim against his attorney, which order provided that
the Department "dismiss and expunge any disciplinary action." The
circuit court lacked personal jurisdiction over the Department,
which was never brought into court on the matter. In re Shawn B.,
218 Ill. App. 3d 374, 378, 578 N.E.2d 269 (1991). Accordingly, 
its order directing the Department to expunge plaintiff's record
was void and unenforceable. In re M.B., 235 Ill. App. 3d 352, 377,
601 N.E.2d 1152 (1992), appeal denied, 148 Ill. 2d 643, 610 N.E.2d
1264 (1993). 
 In sum, the Act, the Illinois Administrative Code, the
representations of the Department and its assistant, and the order
of the circuit court do not provide plaintiff with a legitimate
claim of entitlement that is subject to the requirements of due
process. Accord Holmes v. Aurora Police Pension Fund Board of
Trustees, 217 Ill. App. 3d 338, 347, 577 N.E.2d 191 (1991), appeal
denied, 142 Ill. 2d 654, 584 N.E.2d 129 (1991) (mere expectancy
that police officer would become member of pension fund did not
establish a vested interest entitled to procedural due process). 
Because plaintiff's petition was not subject to due process, the
Department was not required to hold a hearing before summarily
denying it. Accordingly, the circuit court did not err in denying
plaintiff's complaint for administrative review and his motion for
immediate remand. The judgment of the circuit court is affirmed.
 Affirmed.
 McNULTY and TULLY, JJ., concur.